JOHN L. PETTIT, PLAINTIFF, v. NEW JERSEY PAINT WORKS, HARRY LOUDERBOUGH, INCORPORATED, DEFENDANT.

Argued May 9, 1924—Decided May 13, 1925.

Contracts—Employment—Plaintiff Alleged a Ten-Year Contract —Defendant Relied on a Resolution of Directors Providing for Dismissal at the End of Any Year—Court of Opinion That Evidence Sustains Defendant's Contention, Thus Making Judgment Excessive—New Trial Ordered.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff, *Harrison & Roche.*

For the defendant, *Robert H. McCarter.*

PER CURIAM.

This was a suit by an employe to recover damages for alleged wrongful discharge. Plaintiff had a verdict of $10,000.

Defendant is a manufacturer of paints. Plaintiff, a young college graduate specializing in chemistry, had been employed by other paint makers, and was taken on by defendant at $3,600 a year. He claimed there was a written contract of

employment for ten years, but he never signed any such contract, never had the paper in his possession, and relied on parol evidence of an alleged letter addressed to him and said to be in possession of the defendant, after giving notice to produce. It was not produced, and he undertook to state its contents from memory. Defendant admitted there had been a letter, but disagreed as to its contents, claiming it had been destroyed after a new contract had been made by a resolution of the board of directors of the company. The contents of the letter are not of special importance, as both sides concede that there was a new arrangement; that about the time the letter was destroyed, plaintiff having asked for a raise, and having suggested a plan of profit-sharing, it was agreed that such a plan be adopted, and Louderbough, the president of defendant company, told plaintiff that there would have to be corporate action by the company on it. So he consulted counsel, an elaborate and careful resolution was drawn and adopted at a meeting of the directors, and both the draft and the minute of the resolution were exposed to plaintiff's inspection so that he could read them through. This is the evidence for defendant. Plaintiff claims that Louderbough read him the resolution and suppressed the last clause contained in it, to the effect that the company reserved the right of dismissing plaintiff at the end of any year. He says he never read the resolution through and knew nothing about this clause.

We feel obliged to say that we think this story is rather incredible. It was shown by plenary evidence that plaintiff was habitually inquisitive, prying and interfering by nature and habit; that he was constantly a source of irritation to other employes of equal or superior grade to himself, and more than once had been warned that he should keep his hands off of affairs outside his department, but was not inclined to heed these warnings. That he should have been content to rely on a mere statement by Louderbough of the contents of a resolution of the board of directors determining his status and his compensation over a period of years, without looking at it himself, is something entirely inconsistent with his habitual

conduct in the defendant's plant. Louderbough says the resolution was handed to him to read before it was passed, and we have no doubt that this was done. As stated in the defendant's brief, "his entire examination, as well as the testimony of Mr. Louderbough and other witnesses for the defendant, makes it in the highest degree unlikely that he was not entirely familiar with every provision of this important resolution."

If so, the damages are plainly excessive, as they are predicated on financial loss due to the breach of a contract for a term of years instead of one terminable at the end of the year. Plaintiff was discharged during the year, and, if wrongfully discharged, could recover up to the end of the year, and no more, if he knew of this provision in the resolution.

This is sufficient to require a new trial, which, in view of the contradictions in the evidence, we think should be at large and not limited to damages. We express no opinion on two questions which may be of some consequence—first, whether plaintiff can rely on part of a resolution in writing and disregard the rest of it, even if he did not know the entire contents; and secondly, whether in view of plaintiff's conduct, and, especially, his disregard of instructions, if substantiated in the evidence, the employer would not be justified in discharging him at any time, under the rule recognized in *Walker* v. *John Hancock Life Insurance Co.*, 80 *N. J. L.* 342, and *Passino* v. *Brady Brass Co.*, 83 *Id.* 419.

The rule to show cause will be made absolute.